Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Email: alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                                  Case No: 1-25-42218-NHL

    SJ Holdings Group LLC
      dba Walden Pointe Apartments.              Chapter 11

                           Debtor.
-------------------------------------------------------X

## <u>MOTION TO BE RELIEVED AS COUNSEL</u>

**TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

The Debtor's counsel, Alla Kachan, Esq. of the Law Offices of Alla Kachan, P.C., respectfully requests herein, to be relieved as the Debtor's counsel in this Bankruptcy case, and in support thereof avers as follows:

### <u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue in this Court is proper, pursuant to 28 U.S.C. §§ 1408 and 1409.

### <u>BACKGROUND</u>

2. On May 7, 2025, (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition with this Court for relief under Chapter 11 Subchapter V of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. *ECF Doc. No. 1.*

1

3. On June 9, 2025, the Debtor refiled the Petition removing a Subchapter V designation. *ECF Doc. No. 28.*

4. On June 11, 2025, The Debtor filed an application to employ the Law Offices of Alla Kachan P.C. as Counsel to the Debtor. *ECF Doc. No 30.*

5. Pursuant to Local Bankruptcy Rule 2090-1(d) "an attorney who has...(iii)appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters."

6. Further, pursuant to Local Rule 1.4 of the Eastern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ."

7. Rule 1.16(c) of the New York's Rules of Professional Conduct governs permissive withdrawals of counsel. As relevant, it provides that "a lawyer may withdraw from representing a client when . . . (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively[.]" See NYRPC, Rule 1.16(c).

8. In this District, "[i]t is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." United States v. Lawrence Aviation Indus., No. 06–CV–4818, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). In this regard, satisfactory reasons

2

for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." Naguib v. Pub. Health Solutions, No. 12–CV–2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014).

9. In support of this motion, the Debtor's Counsel avers as follows:

**<u>RELIEF REQUESTED</u>**

10. The Law Offices of Alla Kachan PC seeks to be relieved as counsel in this case for the following reasons:

11. There has been a breakdown in communication between the client and attorney, and there is an irresolvable breakdown in the attorney client relationship.

12. At the beginning of our representation, in early June, a colleague referred the case of SJ Holdings Group, LLC, whose principal is Michael Levitansky.

13. Olga Levitansky, is the daughter of Michael Levitansky, is not the principal of SJ Holdings Group LLC, and I have never met her in person, she has never come into the office, and was never present at any meetings between myself, and her father the principal of SJ Holdings Group LLC. Her husband, Zalmai Kabiu who purportedly handles day to day management of the SJ Holdings project, accompanied Mr. Levitansky to meetings in our office, on three occasions.

14. Olga Levitansky had apparently filed the case without counsel initially, and when we were retained, and appeared in the case, a substantial amount of amendments needed to be made to address significant deficiencies in the case.

15. On the day of the IDI, Ms. Levitansky yelled at my office staff, was belligerent on the phone, demanding that her husband or herself make an appearance on behalf of her father, as he is elderly.

16. Having met with Mr. Levitansky on multiple occasions, while elderly, he is of clear mind, very well aware of the business finances and ongoing issues, and is certainly not under a guardianship or any other proceeding that would bring legal capacity into question. I made clear that Mr. Levitansky has to appear and answer questions personally.

17. After the IDI, which was conducted by phone, I asked that Mr. Levitansky be present in my office personally for the 341 meeting. At this time, I recommended to Mr. Levitansky that a CPA be retained to prepare the monthly operating reports in the case. We made a referral to Estelle Miller, who is a CPA for many of my office's cases, is knowledgeable, responsible and has a proven track record in these cases. While I believe it to be necessary, and seek to have a CPA retained in all cases to facilitate effective case administration, this was particularly important in the instant case, as the development in question consists of 379 units, and involves fairly complicated financial accounting on a monthly basis. Mr. Levitansky received Ms. Miller's contact information and was to contact her independently to make arrangements for her retention.

18. As I subsequently learned, Miss Levitansky, insisted on contacting the proposed CPA, Estelle Miller, personally, to "negotiate" her retention terms. Upon information and belief, she proceeded to demand that Ms. Miller accept a partial retainer encompassing three months of work, and later continue to accept monthly payments without a court order. Having been informed that proceeding this way is violative of the Chapter 11 Bankruptcy Code, and thus can not be done, Miss Levitansky once again became belligerent, hung up the phone, and e mailed our office on multiple occasions making improper comments about the CPA, and insisting that she personally prepare the monthly operating reports.

19. In a subsequent meeting with Mr. Levitansky and Mr. Zalmai Kabiu, Ms. Levitansky's husband, I once again explained at length why a CPA's retention is crucial in the instant case,

4

wherein Mr. Levitansky retained Estelle Miller by executing the engagement letter therewith, and an application for the accountant's retention was filed. As evident from the affidavits relating to payments of third-party retainer on the court docket, both retainer fees were paid by a third party, another unrelated to the Debtor company owned by Mr. Levitansky, Atlantic Avenue Development LLC.

20. It later became known, that to avoid conflict, neither Mr. Levitansky, nor Mr. Kabiu, informed Miss Levitansky of Ms. Miller's retention, as she now felt strongly against Ms. Miller's retention for the above stated reasons.

21. On July 2nd, having once again met with Mr. Levitansky, and explained in detail how compensation of professionals works in Chapter 11 cases, Ms. Levitansky e mailed our office repeatedly, and made over seven phone calls in one evening, threatening to sue me for causing her father distress. Needless to say that the conversation took place in nothing but a respectful tone, was amicable, and certainly no cause existed for, nor did the client, Mr. Levitansky exhibit any signs of distress.

22. On July 20th, Ms. Levitansky, having seen a monthly operating report that was prepared and e mailed for Mr. Levitansky's review by Ms. Miller, once again became irrational and belligerent, and e mailed our office multiple times threatening to sue me for the fact that the CPA was working on the reports, as she was apparently not informed of the fact by Mr. Levitansky and her husband, Mr. Kabiu. I contacted Mr. Levitansky on multiple occasions thereafter to ask for a meeting to discuss Ms. Levitansky's conduct, and how to proceed under the circumstances, with no responses, except that Miss Levitansky responded that meeting with me has a negative effect on her mental health, (though once again, we have never met in person), to e mail all of my questions to her, and that she will only meet with me with a judge present.

23. Thereafter, Mr. Levitansky and Mr. Kabiu, came in for an appointment, assured me that the situation is under control, to disregard Ms. Levitansky's actions, and to continue work in the case. Upon information and belief, the same assurances were made to Ms. Miller.

24. Work on a multitude of concerns with respect to the budget, stipulation for the use of cash collateral and insurance continued with the lender and Mr. Levitansky and Mr. Kabiu, continued throughout this period of time.

25. On August 9th, the evening prior to my son's wedding, being away for the Shabbat preceding the wedding, I learned that my business Google account was suspended due to a review that was flagged as violative of Google standards. The review, made from Mr. Kabiu's account, read "Better break your legs then enter this office, less harm." To this day the account is suspended, and the appeal process continues. The morning of Monday, August 11th, I learned that Miss Levitansky received service of Ms. Miller's retention motion and order, which precipitated her latest actions.

26. Upon information and belief, on the evening of Saturday, August 9th, Ms. Levitansky contacted Ms. Miller on her cell phone, made multiple threats against Ms. Miller and myself, stated that she was "coming after me first, and then Ms. Miller", ect. The morning of August 11th, I also learned that Ms Levitansky, from her e mail account, signing as her father, e mailed a letter to my office, officially terminating our services, demanding a refund of my retainer fee, and threating to sue in small claims court.

27. On Wednesday, August 13th, I emailed a reply to Mr. Levitansky advising among other things, that we will be filing a motion to be relieved as counsel, as well as a motion for final compensation. I also cautioned against continued threats and attempts to make libelous and

defamatory statements against the practice, and advised that I will seek relief from proper authorities.

28. In reply, Ms. Levitansky sent seven e mails, called our office several times telling my staff that "She will make my life a living hell", and urging them to pass the message.

29. The next day, on August 14th, Ms. Levitansky forwarded a highly derogatory Yelp review of myself, to our office, made from her personal account.

30. The continued threats have caused me to become very uncomfortable with the situation, I have to date consulted with law enforcement, and have been advised to pursue an order of protection.

31. During all of the foregoing, Mr. Levitansky has not appeared or responded to any of our calls, and at this time it is apparent that continuing representation in this case is not feasible.

32. Though Ms. Levitansky is not, nor has she ever been the client of my practice, nor is she the principal or has any legal role in my client, the Debtor entity SJ Holdings Group LLC, has created a situation wherein both retained professionals, feel unsafe to continue representation and can not continue to effectively represent the Debtor in light of the aforementioned conduct.

**WHEREFORE**, the Debtor's counsel respectfully requests that the Court enter an order permitting the Law Offices of Alla Kachan to withdraw from this case, and for such other relief which the Court deems just and proper.

Dated: Brooklyn, New York
August 15, 2025

/s/Alla Kachan
Alla Kachan, Esq.
Law Offices of Alla Kachan
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

7

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Email: alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
In re:

                                                Case No: 1-25-42218-NHL

SJ Holdings Group LLC
  dba Walden Pointe Apartments.                       Chapter 11

                               Debtor.
--------------------------------------------------------------X

## <u>ORDER GRANTING RELIEF AS COUNSEL</u>

Upon the motion dated August 15, 2025 ("Motion") [ECF #____] of Alla Kachan, Esq. of

the Law Offices of Alla Kachan, P.C., seeking entry of an Order allowing Debtor's counsel to

withdraw from the case; and it appearing that the Court has jurisdiction over this matter pursuant

to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28

U.S.C.§ 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C.§

1408; and notice of the Motion and the proposed order appearing adequate and appropriate under

the circumstances; and the Court having found that no other or further notice need be provided;

and the Court having reviewed the Motion; and the Court having determined that the legal and

factual bases set forth therein establish cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED** that the Motion is granted, and the Law Offices of Alla Kachan, P.C. are

relieved as counsel in this case; and it is further;

**ORDERED**, that the Court may retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.