UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:                                                    Chapter 11

SJ Holdings Group LLC,                         Case No. 25-42207-JMM

                              Debtor.

----------------------------------------------------------------x

**DECLARATION OF KEVIN J. NASH IN SUPPORT OF THE
MOTION OF GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
TO WITHDRAW AS COUNSEL FOR THE DEBTOR**

**TO THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:**

Kevin J. Nash declares the following under penalties of perjury pursuant to 28 U.S.C. Section 1746:

1.      I am a member of the law firm of Goldberg Weprin Finkel Goldstein LLP (the "Firm"), and I make this Declaration pursuant to Local Rule 2090-1(d) in support of the motion of the Firm to withdraw as counsel to SJ Holdings Group LLC (the "Debtor").

2.      The Debtor filed for Chapter 11 relief on May 7, 2025. The Firm was retained as substitute counsel pursuant to Order dated October 3, 2025 [ECF No. 76]. On February 26, 2026, the Court confirmed the liquidating plan proposed by the secured lender, designating Thomas Draghi, Esq. as Plan Administrator.

3.      Under the Plan, management of the Property is scheduled to transfer from the Debtor to the new management company on March 26, 2026 pending a sale or refinance. The undersigned and the Debtor disagree as to the response to the demands made by the Plan Administrator for the transfer. There is now a complete fracture in the attorney-client relationship. The Firm was terminated last night as per the attached email annexed hereto as Exhibit "A" and, therefore, the Firm is moving to formally withdraw as counsel.

4.    Local Rule 2090-1(d) provides that

An attorney who has (i) filed a bankruptcy case on behalf of a debtor, (ii) been authorized to be retained or (iii) has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

5.    The standard for withdrawal of debtor's counsel, including an irreconcilable conflict, was explored at length by the Hon. James Peck:

'The courts also have ruled that lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.' *Fischer v. Biman Bangladesh Airlines,* 1997 WL 411446 at *1 (and cases cited therein). Moreover, '[a]s this Court previously has held, 'it is clear that the existence of an *irreconcilable conflict* between attorney and client is a proper basis for the attorney to cease representing his client.'' *Cosgrove v. Federal Home Loan Bank,* 90 Civ. 6455 & 92 Civ. 4225, 1995 WL 600565 at *2 (S.D.N.Y. Oct.12, 1995) (Peck, M.J.) (emphasis added) (quoting *Generale Bank, New York Branch v. Wassel,* 91 Civ. 1768, 1992 WL 42168 at *1 (S.D.N.Y. Feb.24, 1992)); *accord, e.g., Dowler v. Cunard Line Ltd.,* 94 Civ. 7480, 1996 WL 363167 at *1 (S.D.N.Y. June 28, 1996); *SEC v. Towers Fin. Corp.,* 93 Civ. 0744 & 0810, 1996 WL 288176 at *3 (S.D.N.Y. May 30, 1996) (Peck, M.J.), *report & rec. adopted,* 1996 WL 288176 (S.D.N.Y. July 8, 1996); *see also, e.g., Emile v. Browner,* 95 Civ. 3836, 1996 WL 724715 at *1 (S.D.N.Y. Dec.17, 1996) ('[w]hen a client ... indicates that she lacks confidence in and no longer wishes to be represented by the attorney, and the attorney-client relationship has broken down, these are more than sufficient reasons for counsel to be relieved.'); *Tufano v. City of New York,* 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996) (withdrawal permitted on showing that 'an irreconcilable conflict has developed between [counsel and client] regarding litigation strategy'); *McGuire v. Wilson,* 738 F.Supp. 83, 85 (S.D.N.Y.1990) (counsel permitted to withdraw where client's affidavit 'establish[ed] that the [attorney-client] relationship ... had deteriorated beyond repair,' although client claimed fault was counsel's); *Sansiviero v. Sanders,* 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't) (in 'light of the irreconcilable differences between' counsel and his client 'with respect to the proper course to be pursued by counsel in the litigation, the appellant's motion to withdraw as counsel for the plaintiff should have been granted.'), *appeal dismissed,* 68 N.Y.2d 805, 506 N.Y.S.2d 868, 498 N.E.2d 432 (1986).

*Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96CIV.2839(RPP)(AJP), 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997).

6.      The Firm submits that ample grounds exist to grant the Firm's request for withdrawal under the circumstances.

WHEREFORE, Goldberg Weprin Finkel Goldstein LLP respectfully prays for the entry of an Order permitting it to withdraw as counsel for the Debtor, and granting such other relief as may be just and proper.

Dated: New York, NY
      March 27, 2026

<div style="margin-left:40%">

/s/ Kevin J. Nash, Esq.
GOLDBERG WEPRIN
FINKEL GOLDSTEIN LLP
*Attorneys for the Debtor*
125 Park Avenue, 12th Floor
New York, New York 10017
(212) 221-5700

</div>

# J. Ted Donovan

| | |
|---|---|
| **From:** | Olga <olga3085@gmail.com> |
| **Sent:** | Thursday, March 26, 2026 11:15 PM |
| **To:** | Kevin J. Nash |
| **Subject:** | SJ Holdings Group LLC |

Please be advised that you are no longer representing me in the above named Bankruptcy case.

Mikhail levitansky

---

This email has been scanned for spam and viruses. Click here to report this email as spam.