BFSNG Law Group LLP
Attorneys for Mikhail Levitansky
6851 Jericho Turnpike, Suite 250
Syosset, NY 11791
Tel: (516) 747-1136
Heath Berger, Esq.
Gaurav Mankotia, Esq.
hberger@bfslawfirm.com
gmankotia@bfslawfirm.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| In re: | Case No. 1-25-42207-jmm |
| SJ HOLDINGS GROUP LLC<br>d/b/a WALDEN POINTE APARTMENTS, | Chapter 11 |
| Debtor. | |

--------------------------------------------------------X

**MOTION OF MIKHAIL LEVITANSKY PURSUANT TO 11 U.S.C. §105(A) AND FED. R. BANKR. P. 9024 FOR RELIEF FROM THE ORDER ENTERED ON FEBRUARY 26, 2026 APPROVING THE SALE PROCEDURES AND SALE OF 379-UNIT APARTMENT COMPLEX OWNED BY THE DEBTOR**

**TO: THE HONORABLE JIL MAZER-MARINO, UNITED STATES CHIEF BANKRUPTCY JUDGE:**

Mikhail Levitansky ("Movant"), by his attorneys, BFSNG Law Group LLP, respectfully submits this motion (the "Motion") seeking entry of an order pursuant to 11 U.S.C. §105(a) and Rule 9024 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 60(b) of the Federal Rules of Civil Procedure, granting relief from this Court's order entered on February 26, 2026 ("Authorization Order"), approving the sale procedures and authorizing the sale of a 379-unit apartment complex owned by the Debtor and located in Memphis, Tennessee (the "Premises/Property").

## PRELIMINARY STATEMENT

1. This Motion arises from the circumstances that arose after the entry of Authorization Order and plan administrator- Thomas A. Draghi (the "Plan Administrator") administration and sale of the Premises. At the time the Authorization Order was entered, the Debtor had not obtained financing sufficient to refinance its principal asset and satisfy the claims against the estate. Accordingly, the Plan contemplated the marketing and sale of the Debtor's Premises.

2. Since the entry of Authorization Order, however, the Movant has obtained a bona fide written financing commitment from Golden Bridge R2 LLC (the "Lender") pursuant to which the Lender has committed to provide financing in an amount of up to $8,000,000.00 for the purpose of refinancing the Premises. Copy of the executed Conditional Commitment Agreement is annexed herewith as **Exhibit "A"**.

3. In the present case, the Claims Register reflects that the total amount of secured claim is $5,935,739.99 by A10 Commercial Mortgage Trust 2024-FLSN1, LLC (the "Secured Creditor," or the "Plan Proponent") and priority claims is $403.00 by Tennessee Department of Revenue. The proposed refinancing will provide sufficient funds to satisfy the Secured Creditor's claim, together with all allowed administrative expenses, priority claims, and other obligations, without requiring sale of the Debtor's Premises.

4. The Premises constitutes a substantial asset with an estimated fair market value of approximately Twenty-Five Million Dollars ($25,000,000.00). Based upon the proposed refinancing, the Secured Creditor's claim, all allowed administrative expenses, priority claims, and other obligations of the estate can be paid in full without requiring a liquidation of the Premises.

After satisfaction of those obligations, the remaining equity in the Premises represents a substantial surplus that belongs to the Debtor's equity interest holder, the Movant.

5. Accordingly, the Movant respectfully submits that relief from the Authorization Order is warranted pursuant to Federal Rule of Bankruptcy Procedure 9024, incorporating Rule 60(b) of the Federal Rules of Civil Procedure, to consider the proposed refinancing and stay the proposed sale of the Debtor's Premises which otherwise could result in unnecessary prejudice to the Debtor, Movant and other stakeholders.

## FACTUAL AND PROCEDURAL BACKGROUND

6. On January 2, 2025 (the "Petition Date"), the Debtor commenced this Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in this Court.

7. The Debtor's principal asset is the 379-unit multifamily apartment complex commonly known as Walden Pointe Apartments, located in Memphis, Tennessee. The Premises constitutes substantially all of the Debtor's assets and is the Debtor's sole income-producing asset.

8. The Premises is encumbered by a mortgage held by A10 Commercial Mortgage Trust 2024-FLSN1, LLC -the Secured Creditor, which holds the principal secured claim against the Debtor's estate.

9. During the administration of this Chapter 11 case, the Secured Creditor proposed the Second Amended Secured Creditor's Plan of Liquidation (the "Plan"), which contemplated, among other things, the marketing and sale of the Premises for the benefit of creditors.

10. On February 26, 2026, the Court entered an Authorization Order approving the terms and conditions of sale governing the sale of the Premises.

11. Pursuant to the Authorization Order, the Court appointed Thomas A. Draghi as Plan Administrator and vested him with authority to implement the confirmed Plan, including marketing and selling the Premises in accordance with the terms of the Plan. The current sale schedule provides, among other things, that bids are due on July 17, 2026, the auction is scheduled for August 5, 2026, and the sale hearing is scheduled for August 12, 2026.

12. Significantly, although the Confirmation Order approved implementation of the Plan, the Court expressly recognized that the Debtor retained the right to refinance the Premises. See Para 8 and 12, Authorization Order.

13. After entry of the Authorization Order, the Movant continued his efforts to obtain institutional financing and on July 14, 2026, Movant and Lender executed the Conditional Commitment Agreement for Eight Million Dollars ($8,000,000.00) for purposes of refinancing the Premises.

14. The Debtor now seeks relief from the Authorization Order pursuant to Rule 9024 and Rule 60(b) because extraordinary circumstances exist that warrant reconsideration of that Authorization Order.

**LEGAL ARGUMENT**

15. Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this bankruptcy proceeding pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, lists six grounds by which a court may relieve a party from a judgment or order, and provides, in pertinent part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This catch-all provision is a "grand reservoir of equitable power to do justice in a particular case." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46,

55 (2d Cir. 2004) (citation omitted). Rule 60(b)(6) "confers broad discretion on the court to grant relief when appropriate to accomplish justice." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (citation and internal quotations omitted).

16. Fed. R. Civ. P. 60(b)(2) requires a showing of "newly discovered evidence." To meet the standard under "newly discovered evidence," the evidence "must have been previously unavailable." *In re Richardson Foods*, 667 B.R. 500, 513 (Bankr. S.D.N.Y. 2025) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998).

17. Fed. R. Civ. P. 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *In re JJ Arch LLC*, 676 B.R. 675, 681, 2025 Bankr. LEXIS 3113, *11, (Bankr. S.D.N.Y 2025).

18. Rule 60(b)(6) allows reconsideration on any other reason justifying relief, but "must be based upon some reason other than those stated in clauses (1)-(5)." Fed.R.Civ.P. 60(b)(6); *Adbul-Matiyn v. D.A.'s Off. Bronx County,* 21-CV-11074 (LTS), 2022 U.S. Dist. LEXIS 46313, 2022 WL 794649, at *2 (S.D.N.Y. Mar. 15, 2022) (*citing, United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009)). "Movants seeking relief pursuant to Rule 60(b)(6) must show extraordinary circumstances justifying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (internal citations omitted). "For purposes of Rule 60(b)(6), [when] determining whether extraordinary circumstances are present, a court may consider a wide range of factors [,] [including], in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Lewis v. County of Nassau,* 17-CV-01666(DLI)(AKT), 2022 U.S. Dist. LEXIS 43494, at *2 (E.D.N.Y. Mar. 11, 2022) (citing, *Buck v. Davis,* 580 U.S. 100, 137 S. Ct. 759, 778, 197 L. Ed. 2d 1 (2017)).

19. The Second Circuit has noted that on a motion brought under Rule 60(b)(6), "[t]he burden of proof is on the party seeking relief from judgment." *United States v. Int'l Bhd. Of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001). "[T]he evidence in support of a 60(b)(6) motion must be highly convincing; there must be a showing that undue hardship will not result to other parties by granting the relief; and the movant must demonstrate that he possesses a meritorious claim or defense." *Boehner v. Heise*, 2009 U.S. Dist. LEXIS 41471, 2009 WL 1360975, at *5 (E.D.N.Y. May 14, 2009). "Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inv. v. Barr (In re Emergency Beacon Corp.),* 666 F.2d 754, 760 (2d Cir. 1981)).

20. Section 105(a) of the Bankruptcy Code authorizes bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U.S.C. §105(a). While Section 105(a) grants broad equitable authority, the Supreme Court has emphasized that such authority must be exercised within the confines of the Bankruptcy Code. *Law v. Siegel*, 571 U.S. 415, 421 (2014). The Second Circuit has similarly held that the equitable powers conferred by Section 105(a) must be tied to a specific provision of the Bankruptcy Code and may not be exercised solely on general equitable grounds. *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 92 (2d Cir. 2003).

## I. <u>**RELIEF IS WARRANTED UNDER RULE 60(b)(2) BASED UPON NEWLY DISCOVERED EVIDENCE**</u>

21. Fed. R. Civ. P. 60(b)(2), made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure, authorizes relief from a final order based upon "newly discovered evidence" that could not, with reasonable diligence, have been discovered in time to move for a

new trial. Fed. R. Civ. P. 60(b)(2). To obtain relief under Rule 60(b)(2), the movant must demonstrate that the evidence is genuinely new, could not have been previously obtained through the exercise of reasonable diligence, is material, and would likely have affected the outcome of the proceeding. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998)

22. At the time the Court entered the Authorization Order on February 26, 2026, no lender had issued a written commitment to refinance the Premises. Although Movant was actively pursuing refinancing opportunities, no financing commitment existed that could have been presented to the Court during confirmation.

23. Following entry of the Authorization Order, however, the Movant continued pursuing institutional financing. Those efforts culminated in the execution of a Conditional Commitment Agreement with the Lender on July 14, 2026, pursuant to which the Lender agreed to provide financing in an amount of up to Eight Million Dollars ($8,000,000.00) to refinance the Premises.

24. The executed financing commitment fundamentally changes the factual circumstances that existed when the Authorization Order was entered. Unlike speculative financing discussions, the Commitment Agreement represents a concrete financing proposal capable of satisfying the Secured Creditor's claim and funding the obligations contemplated under the confirmed Plan.

25. Because the financing commitment did not exist at the time of confirmation and therefore could not have been presented to the Court despite the Movant's diligence, relief under Rule 60(b)(2) is appropriate.

## II. ALTERNATIVELY, EXTRAORDINARY CIRCUMSTANCES WARRANT RELIEF FROM THE AUTHORIZATION ORDER

26. The circumstances surrounding the proposed sale present extraordinary conditions warranting relief from the Authorization Order pursuant to Federal Rule of Bankruptcy Procedure 9024 and Rule 60(b) of the Federal Rules of Civil Procedure. Relief under Rule 60(b) is appropriate where necessary to prevent manifest injustice, to correct significant errors affecting the fairness of a judicial proceeding, or where newly presented facts demonstrate that enforcement of an order would undermine the equitable principles governing bankruptcy administration. *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (internal citations omitted); *Lewis v. County of Nassau,* 17-CV-01666(DLI)(AKT), 2022 U.S. Dist. LEXIS 43494, at *2 (E.D.N.Y. Mar. 11, 2022). In the present case, continued implementation of the sale process is no longer equitable because the Movant has obtained a binding refinancing commitment that did not exist when the Authorization Order was entered and that will satisfy the Secured Creditor's claim and the administrative expenses of this Chapter 11 case without requiring liquidation of the Premises.

27. On July 14, 2026, the Lender issued a written Conditional Commitment agreeing to provide financing in an amount of up to Eight Million Dollars ($8,000,000.00) for the purpose of refinancing the Premises. Insofar as the Debtor has now assembled sufficient funds to pay all secured, unsecured, priority and administrative claims in full, there will be no more prejudice to the creditor body in vacating the Authorization Order.

28. Indeed, the Authorization Order itself expressly recognizes that the Debtor retained the right to refinance the Property. The Debtor presents an actual, written commitment from a Lender prepared to refinance the Premises and satisfy the obligations that the liquidation process was intended to address.

29. Under these extraordinary circumstances, relief pursuant to Rule 9024 and Rule 60(b)(6) is appropriate to permit the Court to consider the proposed refinancing before the Premises is irreversibly sold pursuant to the pending sale process.

**WHEREFORE**, the Movant respectfully requests that this Court enter an order:

a) Granting the Debtor relief from the Authorization Order entered on February 26, 2026 pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b);

b) Staying or vacating the proposed sale of the Premises pending further order of the Court;

c) Authorizing the Debtor and the Movant to proceed with the proposed refinancing transaction;

d) Granting such other and further relief as this Court deems just and proper.

Dated: Syosset, New York
July 16, 2026

BFSNG LAW GROUP, L.L.P.
Attorneys for Mikhail Levitansky

By: /s/ Heath Berger
Heath Berger, Esq.
Gaurav Mankotia, Esq.
6851 Jericho Turnpike, Suite 250
Syosset, New York 11791
Tel: (516) 747-1136
hberger@bfslawfirm.com
gmankotia@bfslawfirm.com